UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SAVERIA JFK, INC.; SAVERIA USA, INC.; and
RAKESH SARDANA,

                Plaintiffs,

    - against -

ORDER ADOPTING
REPORT AND RECOMMENDATION
AND REMANDING THIS
ACTION TO STATE COURT

15-CV-6195 (RRM)(RLM)

FLUGHAFEN WIEN, AG a/k/a VIENNA
INTERNATIONAL AIRPORT PLC,

                Defendant.
------------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiffs Saveria JFK, Inc. ("Saveria JFK"), Saveria USA Inc. ("Saveria USA"), and Rakesh Sardana ("Sardana") (collectively, "plaintiffs") commenced this action in the Supreme Court of the State of New York, Queens County on September 9, 2015. (*See* Notice of Removal Ex. A-1 ("Compl.") (Doc. No. 1-1).) Plaintiffs assert three New York common-law claims: (1) fraudulent concealment; (2) tortious interference with prospective economic advantage regarding business at JFK; and (3) tortious interference with prospective economic advantage regarding business at the Aruba, Miami, and Dublin airports. (*See id.* at 22–28.)[1] On October 28, 2015, defendant Flughafen Wien, AG, a/k/a Vienna International Airport PLC ("VIE"), removed the case from state court to this Court. (*See* Notice of Removal (Doc. No. 1).) Although the complaint does not reflect complete diversity of citizenship, VIE contends that Sardana – the lone diversity-destroying plaintiff – should be disregarded under the doctrine of fraudulent joinder. (*See* Notice of Removal at 2–6.)

---

[1] For ease of reference, citations to Court documents utilize the Electronic Case Filing System ("ECF") pagination.

Plaintiffs seek to remand this action to state court, arguing that VIE has not met the high burden required for establishing fraudulent joinder. (Pls.' Mot. Remand (Doc. No. 21).) VIE opposes plaintiffs' motion and seeks leave to move to dismiss based on lack of personal jurisdiction, failure to state a claim, and *forum non conveniens*. (Def.'s Opp'n to Mot. Remand (Doc. No. 23).) By Order entered February 23, 2016, this Court referred those motions to the assigned Magistrate Judge, the Honorable Roanne L. Mann, for a Report and Recommendation ("R&R"). Chief Magistrate Judge Mann received full briefing on the issues and heard extensive oral arguments from the parties on March 4, 2016. (*See* 3/4/16 Tr. of Proceedings (Doc. No. 22).)

On May 3, 2016, Chief Magistrate Judge Mann issued an R&R recommending that plaintiffs' motion to remand be granted and VIE's motions to dismiss be denied without prejudice. (R&R (Doc. No. 27) at 20.) Chief Magistrate Judge Mann found that VIE has not shown by clear and convincing evidence that the complaint – when properly viewed in the light most favorable to the non-diverse Sardana – fails to assert at least one cause of action brought by Sardana, suing in his personal capacity. (*See* R&R at 11–16.) Chief Magistrate Judge Mann further found that VIE's statute of limitations defense does not provide a basis for disregarding the non-diverse Sardana because VIE has not met its heavy burden of showing that every claim that Sardana has arguably asserted would be time-barred. (*See* R&R at 16–20.) On May 20, 2016, VIE filed timely objections to the R&R. (Def.'s Obj. (Doc. No. 28).) On June 1, 2016, plaintiffs filed a memorandum in opposition to VIE's objections. (Pls.' Opp'n to Obj. (Doc. No. 29).)

The Court has reviewed *de novo* Magistrate Judge Mann's thorough and well reasoned R&R, as well as VIE's objections and Sardana's opposition to those objections, and reasons set adopts the R&R in its entirety for all of the reasons set forth in the R&R.

## STANDARD OF REVIEW

When reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party raises an objection to an R&R, the district court "shall make a *de novo* determination of those portions of the Report and Recommendation to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). However, if a party "simply reiterates [its] original arguments, the Court reviews the Report and Recommendation only for clear error." *Libbey v. Vill. Of Atl. Beach*, 982 F. Supp. 2d 185, 199 (E.D.N.Y. 2013) (internal quotation marks and citation omitted). Moreover, portions to which no party has objected are reviewed for clear error. *See Morritt v. Stryker Corp.*, 973 F. Supp. 2d 177, 181 (E.D.N.Y. 2013); *Price v. City of New York*, 797 F. Supp. 2d 219, 223 (E.D.N.Y. 2011). The Court will find clear error only where, upon a review of the entire record, it is left with the definite and firm conviction that a mistake has been committed. *See* Fed. R. Civ. P. 72(a); *Regan v. Daimler Chrysler Corp.*, No. 07-CV-1112 (RRM) (JO), 2008 WL 2795470, at *1 (E.D.N.Y. July 18, 2008); *Nielsen v. New York City Dep't of Educ.*, No. 04-CV-2182 (NGG) (LB), 2007 WL 1987792, at *1 (E.D.N.Y. July 5, 2007).

## DISCUSSION

The Court assumes familiarity with the facts, procedural history, and background of this matter as set forth in the R&R, none of which is in dispute. (*See* R&R at 2–8.) At the outset, it is important to note that neither party objects to the Magistrate Judge's articulation of the applicable fraudulent joinder standards. (*See* R&R at 8–13.) Moreover, the Court notes VIE's objections are largely a "second bite at the apple," as they merely reiterate the arguments made

before and rejected by the Magistrate Judge. (*See generally* Def.'s Opp'n Mot. to Remand; Def.'s Obj.)

VIE asserts the following objections: (1) the R&R erroneously found that the complaint alleges a personal injury to Sardana, because any injury to Sardana's ability to do business "using any entity" would be a derivative injury belonging to the entity; (2) the R&R erroneously applied the common defense rule to find that it could not consider VIE's statute of limitations argument because it was not specific to Sardana; (3) the R&R erroneously found that the one-year defamation statute of limitations might not apply to Sardana's claims or that tolling or estoppel might apply; and (4) the R&R erroneously declined to consider VIE's proposed motions to dismiss for lack of personal jurisdiction and *forum non conveniens*. (*See* Def.'s Obj. 8–9.) Here, the Court briefly addresses each objection in turn.

I.  **Whether the Complaint Alleges an Injury to Sardana Personally**

First, VIE rehashes its argument that Sardana has "no possibility of stating a claim" because the complaint does not allege an injury to Sardana personally, but rather an injury to Saveria JFK or other entities. (*See* Def.'s Obj. at 18–19.) Under the applicable standards of fraudulent joinder applied by the magistrate judge – standards that the parties do not dispute – VIE has the heavy burden of showing by clear and convincing evidence that the complaint, when properly viewed in the light most favorable to Sardana, and under the liberal pleading standards of New York's Civil Practice Law and Rules, fails to "colorably assert" at least one cause of action brought by Sardana, suing in his personal capacity. *See Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998); *see also Intershoe, Inc. v. Filanto S.P.A.*, 97 F. Supp. 2d 471, 474 (S.D.N.Y. 2000). As the Magistrate Judge properly concluded, the complaint alleges facts that, if taken to be true, create the possibility that Sardana may recover in his individual capacity for tortious interference with prospective economic advantage. (*See* R&R at 11–16.)

4

Specifically, the complaint alleges that Sardana had business relationships with various airport partners – including a relationship with JFKIAT that began before Saveria JFK was created – and those relationships were founded on Sardana's own reputation as an entrepreneur. (*See* Compl. at ¶¶ 31–32, 64, 67, 70, 76.) The complaint further alleges that VIE and its agents knew of Sardana's relationships and intentionally undertook a campaign – motivated by animus against Sardana's Indian ethnicity – to destroy Sardana's ability to do any business with these partners through any entity, including entities that Sardana might hope to form in the future. (*See* Compl. at ¶¶ 42, 50–60, 97–99, 115–18.) Finally, the complaint alleges that Sardana was personally injured by VIE's actions, in that he was unable to enter into business relationships of any kind – irrespective of whether he might wish to enter into those relationships using a corporate vehicle or in a personal capacity. (*See id.* ¶¶ 108–12, 114–17, 125.)

Contrary to VIE's objection, and as the magistrate judge properly concluded, the mere fact that Sardana may choose to use one or more corporate vehicles to pursue business opportunities does not mean that his personal business opportunities belonged to those future entities; Sardana was free to pursue those opportunities, which he developed based on his personal reputation as a businessman, "using any entity" or none at all. In any event, even if Sardana pursued his personal business opportunities through Saveria JFK or another entity, claims of tortious interference with prospective economic advantage do not require the existence of a contractual relationship. *See NBT Bancorop Inc. v. Fleet/Norstar Fin. Grp., Inc.*, 87 N.Y.2d 614, 621 (1996); *see also Brown v. AXA RE*, No. 02-CV-10138 (LTS) (AJ), 2004 WL 941959, at *8 (S.D.N.Y. May 3, 2004) (finding that the plaintiff film producers who had negotiated financing to pursue their film suffered a personal injury of tortious interference even though their names did not appear on the face of the interfered with contract).

5

VIE's objection that the complaint does not contain specific allegations about future entities or even the possibility of such entities being formed is immaterial. (*See* Def.'s Obj. at 21.) Even assuming that is true, the complaint specifically alleges that various airports rejected Sardana's business proposals because they believed *Sardana* "was deceitful and untrustworthy" after reading about his disputes with VIE, thereby denying Sardana personally the possibility of future business relationships. (*See* Compl. at ¶¶ 115–17.) This is sufficient to give rise to a plausible claim.

Likewise, as the magistrate judge properly concluded, Sardana's claims are not derivative of Saveria JFK's claims. The complaint does not allege that Sardana is suing on behalf of Saveria JFK for injuries suffered by the corporation. Instead, the complaint alleges injuries suffered to Sardana in a personal capacity, namely that VIE interfered with Sardana's "separate and distinct" ability to conduct his own business "using any entity" or none at all. *See PI, Inc. v. Ogle*, No. 95-CV-1723 (JGK), 1997 WL 37941, at *3 (S.D.N.Y. Jan. 30, 1997) ("An individual shareholder can sue for an injury which is separate and distinct from that suffered by other shareholders, such as the right to vote, or to assert majority control, which exists independently of the corporation."); *see also TVT Records v. Island Def Jam Music Group*, 279 F. Supp. 2d 366, 383–84 (S.D.N.Y. 2003), *rev'd on other grounds*, 412 F.3d 82 (2d Cir. 2005) (finding that a wholly owned subsidiary of a company could pursue an action for tortious interference). In its objections, VIE relies on *Alexander & Alexander of N.Y. Inc. v. Fritzen*, 114 A.D.2d 814, 815 (1985), *aff'd,* 68 N.Y.2d 968 (1986) to argue that a plaintiff cannot sue for interference with a relationship that belonged to a related corporate entity. (*See* Def.'s Obj. at 19.) However, the facts in *Alexander* are distinguishable from the case at hand. The court in *Alexander* found that the plaintiff *parent corporation* could not claim tortious interference in its subsidiary corporation's contractual relationships without demonstrating "complete dominion or control"

6

over the subsidiary corporation. *See Alexander*, 114 A.D.2d at 815. Here, however, Sardana alleges that VIE interfered with the separate and distinct ability to conduct his own business that he developed – in part based on his own reputation – using any entity or none at all.

VIE thus raises objections that reiterate the arguments previously rejected by the Magistrate Judge. Thus, after *de novo* review, the Court adopts in full the reasoning and conclusions of Chief Magistrate Judge Mann regarding the viability of a personal claim brought by Sardana. Accordingly, the Court finds that VIE has not shown by clear and convincing evidence that the complaint, when properly viewed in the light most favorable to Sardana, and under the liberal pleading standards of New York's Civil Practice Law and Rules, fails to "colorably assert" at least one cause of action brought by Sardana, suing in his personal capacity. *See Pampillonia*, 138 F.3d at 461; *see also Intershoe*, 97 F. Supp. 2d at 474.

## II. The Common Defense Rule

VIE goes on to claim that the Magistrate Judge improperly invoked what is referred to as the "common defense rule" to its statute of limitations argument, as the rule has not been recognized by the Second Circuit. VIE's objection in this regard is without merit.

Put briefly, the common defense rule prevents a defendant from removing a case to federal court under the basis of fraudulent joinder and then asserting a defense – in this case VIE's statute of limitations defense – that defeats the all of the plaintiffs' claims, not just that of the diversity-destroying plaintiff. *See, e.g.*, *Intershoe*, 97 F. Supp. 2d at 474–75; *see also Chesapeake & Ohio Railway Co. v. L.B. Cockrell*, 232 U.S. 146, 153 (1914); *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 575 (5th Cir. 2004) (*en banc*). Rather, where the invocation of fraudulent joinder is, in essence, a challenge to the viability of *all* claims, "the proper remedy is to move to dismiss in state court, not to remove the action to federal court." *Intershoe*, 97 F.Supp.2d at 475.

VIE is correct that the Magistrate Judge makes brief reference to the common defense rule in a brief passage musing as to whether the Court should even entertain VIE's statute of limitations defense on this remand motion (*See* R&R at 10, 17–18.) However, the Magistrate Judge's recommendation with respect to VIE's statute of limitations defense in no way turns on that rule. Rather, the Magistrate Judge addressed the merits of VIE's statute of limitations claims and properly concluded that VIE has not met its burden of showing that all of Sardana's claims would be time-barred, as discussed below. Thus, VIE's objection relating to the common defense rule fails.

### III. Statute of Limitations, Tolling, and Estoppel

Next, VIE reiterates the arguments made before the Magistrate Judge that any claim by Sardana is time-barred by the one-year statute of limitations pertaining to defamation claims. However, as the Magistrate Judge correctly found, VIE "has not shown that all of Sardana's claims would necessarily be governed by the one-year statute of limitations for defamation." (R&R at 18–19); *see, e.g.*, *Mahmud v. Kaufmann*, 454 F. Supp. 2d 150, 162 (S.D.N.Y. 2006) (declining to apply a one-year statute of limitations on a motion to dismiss, which would apply to claims for damages for "an injury to reputation," because plaintiff "define[d] her damages as injuries to her 'business relationships'"); *Eisenberg v. Yes Clothing Co.*, No 90-CV-8280 (JFK), 1991 WL 107432, at *4 (S.D.N.Y. June 7, 1991) (applying New York's three-year statute of limitations – applicable to actions to recover damages for injury to property – to a tortious interference claim, even where the alleged interference "consisted of words"); *Amaranth LLC v. J.P. Morgan chase & Co.*, 71 A.D.3d 40, 48 (1st Dep't 2009) ("The three-year statute of limitations for tortious interference applies when the gravamen of a complaint is economic injury, rather than merely reputational harm.").

Contrary to VIE's objection, the cases cited above do not stand for the proposition that a plaintiff claiming tortious interference must allege that defendant specifically reached out to third parties to dissuade them from doing business with plaintiff. (*See* Def.'s Obj. at 21–22.) Rather, in those cases, tortious interference occurred where, as here, the complaint alleged prospective contracts and business relationships, which were affected by the defendant's intentional actions. *See Eisenberg*, 1991 WL 107432, at *4 ("Although . . . defendants' actions injured [plaintiff's] reputation, plaintiff also claims that her economic interests . . . were injured by defendants' intentional acts."); *Amaranth*, 71 A.D.3d at 48 (finding that the complaint alleged a tortious interference claim because it contained allegations that a specific business relationship had been harmed); *see also Lesesne v. Brimecome*, 918 F. Supp. 2d 221, 227 (S.D.N.Y. 2013) (dismissing a tortious interference claim because the plaintiff did not allege any prospective relationship with which the defendant interfered).

Likewise, VIE's rehashed argument that equitable tolling and estoppel do not apply to Sardana's claims is unavailing. Under New York law, the doctrines of equitable tolling and equitable estoppel "may be invoked to defeat a statute of limitations defense when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action." *Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007) (internal quotation marks omitted). As the Magistrate Judge properly concluded, where, as here, there are factual disputes concerning the timeliness of claims and applicability of these equitable doctrines, the statute of limitations does not provide a basis for disregarding the non-diverse plaintiff. *See, e.g.*, *Steele v. Anderson*, No. 03-CV-1251 (TJM), 2004 WL 45527, at *1 (N.D.N.Y. Jan. 8, 2004). Here, as the Magistrate Judge noted, the parties' dueling submissions reveal disputes concerning the state of Sardana's knowledge, prior to September 2013, as to the scope of VIE's alleged scheme, as well as the reasonableness of Sardana's reliance on an assurance from VIE's alleged agent that VIE's

campaign to destroy Sardana did not extend to business opportunities in New York. (*Compare* Def.'s Opp'n to Mot. Remand at 24–27, *with* Pls.' Reply (Doc. No. 26) at 5–8, *and* Compl. ¶¶ 1, 60, 80.) Thus, the Magistrate Judge correctly concluded that Sardana has potentially viable claims of equitable tolling or estoppel that could be asserted in state court to save any claim that arguably would fall outside of any statute of limitations. *See Ehrenreich v. Black*, 994 F. Supp. 2d 284, 289 (E.D.N.Y. 2014) ("Any possibility of recovery, even if slim, militates against a finding of fraudulent joinder . . . ."); *see also MBIA Ins. Corp. v. Royal Bank of Canada*, 706 F. Supp. 2d 380, 396 (S.D.N.Y. 2009) ("[T]he inquiry remains whether [p]laintiffs have a possibility of asserting such claims, not whether [p]laintiffs are likely to succeed on these claims on the merits.").

## IV. VIE's Cross-Motions to Dismiss

Finally, in its objections to the R&R, VIE once again requests that the Court address the issues of personal jurisdiction and *forum non conveniens* before determining if the Court has subject matter jurisdiction. (*See* Def.'s Obj. at 24; Def.'s 12/3/15 Letters.) As Chief Magistrate Judge Mann properly noted, while a trial court is not barred from considering personal jurisdiction or *forum non conveniens* before determining that it has subject matter jurisdiction, "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of the case." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–02 (1998)); *see Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007). Where, as here, subject matter jurisdiction "involves no arduous inquiry . . . both expedition and sensitivity to state courts' coequal statute should impel the federal court to dispose of that issue first." *Ruhrgas*, 526 U.S. at 587–88. VIE will have its opportunity to address these issues in state court, the forum that properly has jurisdiction over this action

## CONCLUSION

After *de novo* review of Chief Magistrate Judge Mann's thorough and well-reasoned R&R, the factual and procedural record upon which it is based, and VIE's objections, the R&R (Doc. No. 27) is adopted in its entirety.

Accordingly, plaintiffs' motion to remand (Doc. No. 21) is granted and the Court declines to consider VIE's proposed motions to dismiss, without prejudice to VIE's filing such motions in state court. This case is hereby remanded to the Supreme Court of the State of New York, Queens County, the court from which this action was removed.

The Clerk of Court is directed to immediately remand this action to the Supreme Court of the State of New York, Queens County, and to close the file in this Court.

SO ORDERED.

Dated: Brooklyn, New York
March 30, 2017

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge